IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             No. 1:15-cr-10084-JDB-4

KIMBERLY CHANDLER,

    Defendant.

___

ORDER DENYING DEFENDANT'S MOTION TO AWARD GOOD TIME CREDITS
___

Pursuant to an August 12, 2016, judgment following a guilty plea to conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, the Defendant, Kimberly Chandler, was sentenced to seventy-seven months of incarceration in Bureau of Prisons ("BOP") custody and three years of supervised release. (Docket Entry ("D.E.") 140.) Before the Court is her pro se motion requesting a recalculation of her sentence to account for Good Conduct Time ("GCT") credit, pursuant to the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (the "FSA"), in light of her accomplishments while incarcerated. (D.E. 156.) The Government has responded. (D.E. 163.)

The FSA, enacted on December 21, 2018, amended 18 U.S.C. § 3624(b)(1) by increasing the maximum allowable GCT credits for federal prisoners from forty-seven to fifty-four days per year. 132 Stat. 5194, § 102(b)(1); *see also Jamison v. Warden, Elkton Fed. Corr. Inst.*, Case No. 1:19-cv-789, 2019 WL 5690710, at *2 (S.D. Ohio Nov. 4, 2019), *report and recommendation adopted* 2019 WL 6828358 (S.D. Ohio Dec. 12, 2019). The effective date of the change in the GCT calculation was delayed until the Attorney General completed a risk and needs assessment

system to "broadly speaking, review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and 'determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with [§] 3624.'" *Bottinelli v. Salazar*, 929 F.3d 1196, 1197-98 (9th Cir. 2019) (quoting § 101(a), 132 Stat. at 5196-97 § 101(a)).

The Attorney General's assessment was released on July 19, 2019. *See* Risk and Needs Assessment System, FSA § 102(b)(2); U.S. Dept. of Justice, *The First Step Act of 2018: Risk and Needs Assessment System* (July 19, 2019) (https://nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf) (last accessed February 4, 2020). Thus, the GCT amendment became effective on that date. *Bottinelli*, 929 F.3d at 1202; *United States v. Neadeau*, Criminal No. 09-126 (DWF/RLE), 2019 WL 3766394, at *4 (D. Minn. Aug. 9, 2019). Because Chandler filed her motion prior to July 19, 2019, her request upon filing was premature and, therefore, nonjusticiable, as the portion of the FSA under which she sought relief had not taken effect. *See Washington v. Bureau of Prisons*, Case No. 1:19-cv-01066, 2019 WL 6255786, at *1-2 (N.D. Ohio July 3, 2019) (motion for relief filed prior to effective date of the GCT amendment was premature, citing cases), *report and recommendation adopted* 2019 WL 6251777 (N.D. Ohio Nov. 22, 2019). Now that the changes have been implemented, it is for the BOP, not the Court, to first decide whether to award good conduct credits. 18 U.S.C. § 3624(b)(1); *see also United States v. Powell*, Criminal Action No. 5:11-cr-75-JMH-1, 2019 WL 1521972, at *2 (E.D. Ky. Apr. 8, 2019) (denying motion for GCT amendment relief on grounds that, under § 3624, only BOP may grant such relief).

At this point, the BOP advises on its inmate locator website that it is in the process of reviewing and recalculating sentences to reflect inmates' GCT changes pursuant to the FSA

amendment and, as a result, inmate release dates indicated thereon may not be up to date. *See* https://www.bop.gov/inmateloc/ (last accessed February 18, 2020).

The website currently lists Chandler's release date as April 15, 2020. (*Id.*) It is unknown to the Court whether this date reflects a recalculation on the part of the BOP or if her case is still under review. In the event Defendant wishes to challenge the BOP's recalculation, she may do so by appropriate motion.

Accordingly, the motion is DENIED without prejudice.

IT IS SO ORDERED this 18th day of February 2020.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE'